# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION
## CIVIL ACTION NO. 3:17-CV-00213-TBR

MARK McGRIFF, *et al.*,                                                    Plaintiffs,

v.

SUZANNE OCHOA, d/b/a Solis Stone
Fabrication of KY, Inc., d/b/a Solis
Stone of KY, d/b/a Solis Stone of Kentucky LLC, *et al.*,                  Defendants.

## MEMORANDUM OPINION

Plaintiffs filed this action against Defendants on April 7, 2017. [R. 1 (Complaint).] Since the commencement of this action, Defendants have neither appeared, nor filed an answer or any other pleadings. Upon proper motion, the Court entered default against them on June 1, 2017. [R. 9 (Entry of Default).] Pursuant to Federal Rule of Civil Procedure 55(b)(2), Plaintiffs now move for the entry of a default judgment against Defendants. [R. 11 (Motion for Entry of Default Judgment).]

A brief description of the claims pleaded in the complaint is necessary. In Count I, the Trust Fund Plaintiffs, as defined in the margin,[1] allege that Defendant Suzanne Ochoa (d/b/a Solis Stone Fabrication of KY, Inc., d/b/a Solis Stone of KY, and d/b/a Solis Stone of Kentucky LLC) failed to make contributions required by the parties'

---

[1] The term Trust Fund Plaintiffs refers to Mark McGriff, Board of Trustees Chairman, on behalf of Indiana/Kentucky/Ohio Regional Council of Carpenters Pension Fund; Doug Robinson, Board of Trustees Secretary, on behalf of Indiana/Kentucky/Ohio Regional Council of Carpenters Pension Fund; Greg Hauswald, Secretary, on behalf of Indiana/Kentucky/Ohio Regional Council of Carpenters Defined Contribution Pension Trust Fund; Mark McGriff, Board of Trustees Co-Chairman, on behalf of Indiana/Kentucky/Ohio Regional Council of Carpenters Welfare Fund; William Nix, Board of Trustees Co-Chairman, on behalf of Indiana/Kentucky/Ohio Regional Council of Carpenters Welfare Fund; Mark McGriff, Board of Trustees Chairman, on behalf of Indiana/Kentucky/Ohio Regional Council of Carpenters Joint Apprenticeship and Training Fund; Joe Coar, Board of Trustees Secretary, on behalf of Indiana/Kentucky/Ohio Regional Council of Carpenters Joint Apprenticeship and Training Fund; Douglas J. McCarron, Board of Trustees Chairman, on behalf of United Brotherhood of Carpenters Apprenticeship Training Fund of North America.

contract, thereby violating the Employee Retirement Income Security Act (29 U.S.C. §§ 1132, 1145). [*Id.* at 3–5.] In Count II, the Union Plaintiff, the Indiana/Kentucky/Ohio Regional Council of Carpenters, alleges that Defendant Ochoa failed to make payroll deductions required by the parties' collective bargaining agreement, thereby violating the Labor-Management Relations Act (29 U.S.C. § 185) as well. [*Id.* at 5–6.] Count III and Count IV allege the same respective claims against Defendant Solis Stone of Kentucky LLC (d/b/a Solis Stone Fabrication of KY, Inc. and d/b/a Solis Stone of KY). [*Id.* at 6–10.]

Upon default, the Court takes as true all factual allegations in the complaint except those relating to the amount of damages. Fed. R. Civ. P. 8(b)(6); *see also Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007); *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995). Even after the entry of default, however, the decision "to grant a default judgment is within the Court's discretion." *AF Holdings LLC v. Bossard*, 976 F. Supp. 2d 927, 929 (W.D. Mich. 2013) (citing *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974)). In determining whether to enter a default judgment, courts in this Circuit typically consider factors such as:

> [1] the amount of money potentially involved; [2] whether material issues of fact or issues of substantial public importance are at issue; [3] whether the default is largely technical; [4] whether plaintiff has been substantially prejudiced by the delay involved; [5] and whether the grounds for default are clearly established or are in doubt.

10A Charles A. Wright et al., *Federal Practice and Procedure* § 2685 (4th ed.), Westlaw (database updated Apr. 2017) (footnotes omitted).

Here, taking all allegations of the complaint as true, Defendants violated the parties' collective bargaining agreement by failing to make required contributions and payroll deductions. The Plaintiffs are entitled to recover the unpaid contributions and

payroll deductions, *see* 29 U.S.C. §§ 1132(g)(2), which total $53,963.43, [R. 11-1 at 1, ¶ 5 (Hanley's Affidavit)].   In addition, the Plaintiffs are entitled to recover reasonable attorney's fees and costs, *see* 29 U.S.C. § 1132(g)(2)(D), which total $2,475.50, [R. 11-2 at 1, ¶ 3 (Berkowitz's Affidavit)].  The amount is a reasonable sum.  [*See id.* at 2 (Billing Records).]  Accordingly, the Court will enter a default judgment against Defendants in the amount of $56,438.93.

The Plaintiffs Motion for Entry of Default Judgment, [R. 11], is **GRANTED**.  A separate order and judgment shall issue.

Date:

cc:      Counsel of Record

Suzanne Ochoa
d/b/a Solis Stone Fabrication of KY, Inc.
d/b/a Solis Stone of KY
d/b/a Solis Stone of Kentucky LLC
c/o 3821 W. Morse
Lincolnwood, IL 60712

Suzanne Ochoa
d/b/a Solis Stone Fabrication of KY, Inc.
d/b/a Solis Stone of KY
d/b/a Solis Stone of Kentucky LLC
7193 Happy Valley Road
Cave City, KY 42127

Solis Stone of Kentucky LLC
c/o Corporate Creations Network
3411 Silverside Road #104 Rodney Bldg
Wilmington, DE 19810